Th Boubacar Sidy BARRY, Petitioner,

v.

Michael B. MUKASEY,* Respondent.

No. 07–2411–ag.

United States Court of Appeals, Second Circuit.

June 30, 2008.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Thomas Massucci, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PETER W. HALL and Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. COLLEEN McMAHON, District Judge.**

### SUMMARY ORDER

Petitioner Th Boubacar Sidy Barry, a native and citizen of Guinea, seeks review of a May 9, 2007 order of the BIA affirming the September 21, 2005 decision of

** The Honorable Colleen McMahon, United States District Court Judge for the Southern District of New York, sitting by designation.

Immigration Judge ("IJ") Paul A. DeFonzo, denying Barry's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Th Boubacar Sidy Barry*, No. A98 415 655 (B.I.A. May 9, 2007), *aff'g* No. A98 415 655 (Immig. Ct. N.Y. City Sept. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ At the outset we note that Barry has not presented in his brief to this Court any argument to challenge the agency's denial of his CAT claim. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005). Accordingly, we deem Barry's CAT claim abandoned and for that reason deny it.

When, as here, "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d

Cir.2007) (en banc). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005).

The IJ determined that Barry was not credible for two reasons. The first was three discrepancies in Barry's testimony: (1) Barry testified that he was a member of the "UFR" and the written materials he submitted demonstrate that "UFR" stands for "Union of Republican Forces;" yet in his testimony he called the organization the "Union [of] Democratic Forces;" (2) Barry testified that he joined the UFR in 2000 after Sidya Toure became affiliated with the party, but his asylum application stated that he joined the UFR in 1998; and (3) Barry's testimony was inconsistent with the "Assessment to Refer," which also reported that Barry joined the UFR in 1998.

Barry's response when asked about the first discrepancy was that the translation confused him.[1] He stated, "The way we are talking right now is why I made a mistake saying what I did." The IJ characterized this explanation as "meaningless."[2] When asked about the latter two inconsistencies, Barry explained that he told both the lawyer and the asylum officer preparing the documents that he began attending the University of Conakry in 1998 and that he joined the UFR in 2000. Barry testified that he "told the . . . interviewer that when I was at the university I joined the party. Then the interviewer asked me what year I was at the university, I said it was in 1998." Barry said he

1. Barry's primary language is Fula. A Fula interpreter was present at his removal proceedings.

2. All quotations from the Oral Decision of the Immigration Judge correspond to the version

of that decision, bearing the IJ's handwritten corrections, attached to the "Notice—Briefing Schedule" issued by the BIA on October 20, 2006, found at pages 16 through 30 of the Certified Administrative Record.

alerted the asylum officer to the mistake but that it never got corrected. The IJ again found Barry's response inadequate and concluded, "the respondent has simply been enmeshed with an inconsistency of his own making and there is a failure of credibility in this case." The IJ was under no obligation to accept Barry's explanations, and "our limited role as an appellate court does not permit us to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact-finders in the first instance, we would credit or discredit an applicant's testimony." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 334–35 [2d Cir.2006].

The second reason the IJ found Barry not credible was the absence of corroborating evidence. The IJ stated, "The respondent has submitted nothing which would convince the Court that the Guinean Government has any interest whatsoever in the respondent for any reason." Ostensibly addressing this concern, however, Barry had in fact entered into evidence two documents: (1) a UFR identification card bearing his name and his Guinean address information, and (2) a letter dated October 1, 2004, addressed to the INS, certifying Barry's membership in the UFR. The letter is signed "Mamady Cisse; President, U.F.R., Section of New York."[3] This evidence notwithstanding, the IJ concluded:

> The Court is cognizant that an asylum applicant is under no obligation to present such corroborating evidence, however, where, as here, severe questions exist as to the bona fides of the claim based on multiple and material inconsistencies presented in support of the claim, the Court considers it extremely prejudicial to the respondent. He has not presented such corroborating evidence.

The Court further considers that the various identification cards presented by the respondent from the UFR as well as the letter from the UFR have, in all likelihood, been fabricated. The Court comes to this conclusion based not only upon the earlier referenced inconsistencies, but also noting that the UFR card allegedly issued to the respondent in Guinea is undated.

■ Although on this record we will not second guess the IJ's conclusion regarding the errors and inconsistencies in Barry's testimony, *see Zhou Yun Zhang*, 386 F.3d at 74 ("[T]he court may not itself hypothesize excuses for the inconsistencies ..."), we do disagree with his conclusion that there was no corroborating evidence. For the reasons that follow, we determine that the IJ erred in his consideration of the documentary evidence. Further, because we cannot "confidently predict" that the agency would reach the same decision absent the errors that were made, *Xiao Ji Chen*, 471 F.3d at 339, we must vacate the BIA's decision and remand the case for further consideration.

An IJ's conclusion that an applicant's documents are fraudulent "must be based on more than speculation and conjecture." *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 [2d Cir.2006]. It is unclear on this record how the lack of a date on the UFR membership card has any bearing whatsoever on the authenticity of the card. The IJ's analysis in that regard is pure speculation. The same is true of the analysis of the Mamady Cisse letter to the extent such analysis is based on the document itself. The IJ points to nothing in the letter that implicates its authenticity. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 [2d Cir.2005] ("We also require some indi-

---

**3.** Barry testified that he regularly attends UFR meetings in New York.

cation that the IJ considered material evidence supporting a petitioner's claim.").

■ Nor can the testimonial inconsistencies, limited as they are to the misstatements in this record, provide sufficient basis for us to uphold, in this appellate review, the determination that the documents are fraudulent. In a case where an adverse determination of the petitioner's credibility was made in an earlier proceeding and went unchallenged by the petitioner, this Court held that the BIA was entitled to judge a document's authenticity in a subsequent hearing based solely on the IJ's prior adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir.2007). In *Qin Wen Zheng*, the IJ had already found petitioner not credible at a prior asylum hearing, and the petitioner had not appealed that determination. *Id.* at 144. Thus the BIA was justified when it summarily rejected documentary evidence that petitioner sought to admit at a subsequent hearing on a motion to reopen.[4] *Id.* at 147 ("The BIA's use here of the IJ's unchallenged conclusion that Zheng was not credible in support of its refusal to credit the authenticity of the [document at issue] was similarly appropriate."). In the case before us, however, the IJ's con-

clusion that Barry's documents are fraudulent has no basis other than the IJ's own simultaneous determination that Barry's testimony was not credible, *i.e.*, the very issue being challenged in this petition. Unlike in *Qin Wen Zheng*, Barry's challenge to the BIA's adverse credibility determination is alive and fully open to reexamination on remand, when the agency will give appropriate weight to the documentary evidence that was offered to corroborate the testimony.

■ In essence, the IJ made two incomplete credibility determinations. The IJ dismissed Barry's testimony as incredible because, according to the IJ, there was no corroborating evidence to clarify the testimonial inconsistencies. Nonetheless, after incorrectly noting the absence of such corroborating evidence, the IJ arbitrarily discredited the documents submitted by Barry on the basis of Barry's testimony. By not adequately considering the documents, the IJ prevented Barry from even attempting to overcome his testimonial inconsistencies, despite the IJ's insistence that Barry do so.[5] Even affording this Court's customary deference to the credibility determinations of the IJ, the uncertainty arising from the IJ's unfounded summary dismissal of Barry's documenta-

4. In *Qin Wen Zheng*, petitioner filed a motion to reopen his removal proceedings, a process with a much different standard pertaining to documentary evidence than an asylum hearing. *Qin Wen Zheng*, 500 F.3d at 148 n. 6 ("A motion to reopen based on changed country conditions, by contrast, depends solely on a showing of previously unavailable, material documentary evidence in support of the underlying proceeding.").

5. The heart of Barry's claim is that he is a member of the UFR. Regardless of whether he joined the UFR in 1998 or 2000, his claim of a reasonable fear of persecution is based upon the arrests of his father and brother in

2003, a point, heretofore, not addressed in the petitioner's arguments to the BIA or to this Court. If the documents do prove Barry to be a member of the UFR, then the discrepancies in his testimony may be more reconcilable. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 148–49 (2d Cir.2008); *cf. Alvarado–Carillo v. I.N.S.*, 251 F.3d 44, 51–52 (2d Cir.2001) (noting minor inconsistencies in dates in testimony that concerned events spanning several years should not necessarily lead to an adverse credibility determination). An authentic document may "shed favorable light on the credibility of that testimony." *Shunfu Li*, 529 F.3d at 149.

ry evidence precludes us from concluding that a remand would be futile. *See Xiao Ji Chen,* 471 F.3d at 335–36.

We, therefore, vacate the BIA's denial of Barry's asylum claim and remand it to the BIA for further consideration in light of this decision. In addition, because the denial of Barry's claim for withholding of removal also turns on the IJ's determination of his credibility, we also vacate the adverse decision with respect to the withholding claim and remand it for further consideration.

For the foregoing reasons, the petition for review of petitioner's CAT claim is DENIED. The petition for review with regard to the asylum and withholding of removal claims is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order.